UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MURAD MAHADIN, OMAR ES-SABRI,
AHMAD AHMAD, MOHAMED ALIOUA,
AND AMR DABASH,

                Plaintiffs,        COMPLAINT

    -against-

FLORY'S CORP., FLORY ENTERPRISES,
INC., G.J.P. AUTOMOTIVE, INC. AND
JERRY FLORY,

**'07 CIV 10697**

**JUDGE KARAS**

                Defendants.
------------------------------------------------------------X

        Plaintiffs, MURAD MAHADIN, OMAR ES-SABRI, AHMAD AHMAD, MOHAMED ALIOUA, AND AMR DABASH, by and through their attorneys, DRAKE, LOEB, HELLER, KENNEDY, GOGERTY, GABA & RODD, PLLC, complain of defendants, FLORY'S CORP., FLORY ENTERPRISES, INC., G.J.P. AUTOMOTIVE, INC. AND JERRY FLORY, as follows:

### NATURE OF ACTION

        1.     The plaintiffs were employed by the defendants FLORY'S CORP., FLORY ENTERPRISES, INC., G.J.P. AUTOMOTIVE, INC. AND JERRY FLORY at various times from on or about 2001 to on or about 2007. At all times relevant to this Complaint, the defendants required the plaintiffs to work in excess of forty hours per week, without paying them overtime compensation, in violation of State and Federal labor laws.

        2.     In addition, the defendants discriminated against the plaintiffs, who are all of Middle Eastern descent, on the basis of their race and national origin, by denying them the same terms, conditions and privileges of employment as similarly situated employees

of non-Middle Eastern descent. Specifically, the defendants compensated the plaintiffs at lower rates of pay than similarly situated employees of non-Middle Eastern descent, and created a hostile work environment by harassing the plaintiffs on the basis of their race and natural origin.

3. The plaintiffs now bring this action to recover unpaid overtime wages, "spread of hours" pay, liquidated damages, interest, attorney's fees and costs pursuant to the Federal Labor Standards Act of 1938, 29 U.S.C. §201 *et seq.* ("FLSA"), N.Y. Lab. Law §190 *et seq.*, and the "spread of hours" wage order of the New York Commission of Labor codified at 12 NYCRR §142-2.4 (2005) (herein the "Spread of Hours Wage Order"). The plaintiffs also seek to recover damages against the defendants for violations of their rights under §1981 of the Civil Rights Law of 1866, 42 U.S.C. §1981 ("Section 1981"), the New York State Executive Law, §290 *et seq.* (the "Human Rights Law"), and state tort law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 29 U.S.C. §216(b), 42 U.S.C. §1981 and 28 U.S.C. §1331. Supplemental jurisdiction over plaintiff's state law claims is conferred by 28 U.S.C. §1367(a).

5. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because all or substantial part of the events or omissions giving rise to the claims occurred in the State of New York within this district. The defendants employed the plaintiffs in this district.

## THE PARTIES

6.  The plaintiff MURAD MAHADIN is an adult individual residing in Modena, New York. He was employed by defendants from on or about June of 2005 to on or about May of 2006.

7.  The Plaintiff OMAR ES-SABRI is an adult individual residing in Newburgh, New York. He was employed by defendants as an assistant manager from 2001 to on or about June of 2007.

8.  The plaintiff AHMAD AHMAD is an adult residing in New Windsor, New York. He was employed by defendants from on or about 2004 to December of 2006.

9.  The plaintiff MOHAMED ALIOUA is an adult individual residing in Newburgh, New York. He was employed by defendants as a cashier from on or about 2004 to 2005.

10. The plaintiff AMR DABASH is an adult individual residing in Newburgh, New York. He was employed by defendants as a cashier from on or about 2003 to August of 2007.

11. The defendant FLORY'S CORP. is a New York domestic business corporation with a business address located at 207 Wood Street, Mahopac, New York 10541. FLORY'S CORP. is an enterprise engaged in interstate commerce and has gross annual sales of over $500,000.

12. The defendant FLORY ENTERPRISES, INC. is a New York domestic business corporation with a business address located at 207 Wood Street, Mahopac, New York 10541. FLORY ENTERPRISES, INC. is an enterprise engaged in interstate commerce and has gross annual sales of over $500,000.

13. The defendant G.J.P. AUTOMOTIVE, INC. ("G.J.P.") is a New York domestic business corporation with a business address located at 1423 Route 300, Newburgh, New York 12550. G.J.P. is an enterprise engaged in interstate commerce and has gross annual sales of over $500,000.

14. JERRY FLORY is an individual engaged in business in the counties of Orange and Dutchess in New York. JERRY FLORY, is sued individually in his capacity as an owner, officer, manager and/or agent of defendants FLORY'S CORP., FLORY ENTERPRISES, INC., and G.J.P. AUTOMOTIVE, INC., and resides in New York. Upon information and belief, JERRY FLORY has the power to hire and fire employees, set their wages, set their schedules, and maintain employee records.

## STATEMENT OF FACTS

15. At all times relevant to this action, plaintiffs were employed for the defendants at gas stations owned and operated by the defendants located in Orange County and Dutchess County in New York. The gas stations were located at 246 Route 17K in Newburgh, New York, at 1423 Route 300 in Newburgh, New York, and at 1563 Route 82 in Hopewell Junction, New York.

16. From June of 2005 to May of 2006, the defendants required the plaintiff MURAD MAHADIN to work over forty hours each week, and MURAD MAHADIN in fact worked over forty hours each week.

17. At no point in time did the defendants pay MURAD MAHADIN at the rate of 1 ½ times his regular pay for each hour worked in excess of forty hours in a work week as required by law. Defendants paid MURAH MAHADIN both in cash and by check.

18. From 2001 to June of 2007 the defendants required OMAR ES-SABRI to work over forty hours each week, and OMAR ES-SABRI in fact worked over forty hours each week.

19. At no point in time did the defendants pay OMAR ES-SABRI one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a work week as required by law. Defendants paid OMAR ES-SABRI both in cash and by check.

20. From on or about 2004 to December of 2006 the defendants required AHMAD AHMAD to work over forty hours each week, and AHMAD AHMAD in fact worked over forty hours each week.

21. At no point in time did the defendants pay AHMAD AHMAD overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a work week, as required by law. Defendants paid AHMAD AHMAD both in cash and by check.

22. From on or about 2004 to 2005 the defendants required MOHAMED ALIOUA to work over forty hours each week, and MOHAMED ALIOUA in fact worked over forty hours each week.

23. At no point in time did the defendants pay MOHAMED ALIOUA overtime compensation at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a work week, as required by law. Defendants paid MOHAMED ALIOUA both in cash and by check.

24. From on or about 2003 to August of 2007 the defendants required AMR DABASH to work over forty hours each week, and AMR DABASH in fact worked over forty hours each week.

25. At no point in time did the defendants pay overtime compensation to AMR DABASH at the rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours in a work week, as required by law. Defendants paid AMR DABASH both in cash and by check.

26. The defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

27. Defendants willfully disregarded and purposefully evaded record keeping requirements of the Fair Labor Standards Act and New York State Labor Law by neglecting to maintain accurate timesheets and payroll records. Specifically, defendants neglected to maintain records indicating the actual number of hours each plaintiff worked each day and the total number of hours they worked each work-week.

28. At no time during the course of this action did plaintiffs ever observe on defendants' premises any posted notices regarding employees' rights under the Fair Labor Standards Act, New York State Labor Law and Regulations, or the procedures for filing a charge for violations of these State and Federal labor laws.

29. The defendants compensated the plaintiffs, who are of Middle Eastern descent, at a lower rate than non-Middle Eastern employees, and discriminated against plaintiffs with respect to their terms, conditions and privileges of employment based upon their race and national origin.

30. In addition to the above, the defendants treated the plaintiffs, who are of Middle Eastern descent, differently and worse than the defendants' non-Middle Eastern employees. In particular, the plaintiffs were denied work breaks and lunch breaks; were denied seating accommodations on the job; were forced to work long hours – without

overtime pay; were denied the same privileges and benefits granted to non-Middle Eastern employees; were ordered, in writing, to do their "fucking job;" and were told that Arabic people have to do everything they were told to do.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

31. Plaintiffs allege and reallege the paragraphs above.

32. At all relevant times to this action, plaintiffs were engaged in interstate commerce, or in an industry or activity affecting commerce.

33. At all relevant times to this action, defendants were engaged in interstate commerce, or in an industry or activity affecting commerce.

34. The defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(r). Defendants have at least two employees individually engaged in commerce and had an annual gross volume of sales in excess of $500,000 for each year relevant to this action.

35. At all times relevant to this action, defendants were plaintiffs employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(d). Defendants had the power to hire and fire plaintiffs, control their terms and conditions of employment, and determine the rate and method of any compensation in exchange for their employment.

36. Defendants intentionally and willfully failed to pay plaintiffs overtime compensation at the rate of one and one-half times their regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of 29 U.S.C. §207(a)(1).

37. Defendants' failure to pay plaintiffs' overtime compensation was willful within the meaning of 29 U.S.C. §255(a).

38. The plaintiffs have been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW

39. Plaintiffs allege and reallege the paragraphs above.

40. At all relevant times to this action, defendants were plaintiffs employers within the meaning of New York Labor Law §§2 and 651. Defendants had the right to hire and fire plaintiffs, control their terms and conditions of employment, and determine the rates and methods of any compensation in exchange for their employment.

41. Defendants willfully failed to pay plaintiffs overtime compensation at the rate of one and one-half times their regular rate of pay for each hour worked in excess of forty hours in a work week, in violation of New York Labor Law §190 *et seq.* and supporting regulations of the New York State Department of Labor.

42. Defendants did not pay plaintiffs within "seven calendar days after the end of the week in which the wages are earned," and thus failed to pay plaintiffs in a timely fashion, in violation of New York Labor Law §191.

43. Defendants' failure to pay plaintiffs' overtime compensation was willful within the meaning of New York Labor Law §663.

44. Defendants' New York Labor Law violations have caused the plaintiffs irreparable harm for which there is no adequate remedy at law.

45. Plaintiffs have been damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER
## OF THE NEW YORK COMMISSION OF LABOR

46. Plaintiffs allege and reallege the paragraphs above.

47. Defendants failed to pay the plaintiffs one additional hour's pay at the minimum wage rate before allowances for each day his spread of hours exceeded ten in violation of the wage order of the New York Commission of Labor codified at 12 NYCRR §142-2.4.

48. Defendants failure to pay the plaintiffs an additional hour's of pay for each day their spread of hours exceeded ten was willful within the meaning of New York Labor Law §663.

49. Plaintiffs have been damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### VIOLATION OF SECTION 1981 OF THE CIVIL RIGHTS ACT OF 1866

50. Plaintiffs allege and reallege the paragraphs above.

51. At all times material herein, defendants were plaintiffs' employers within the meaning of Section 1981.

52. Defendants discriminated against plaintiffs by denying them the same rights enjoyed by those employees who are not of Middle Eastern descent with regard to compensation, and the enjoyment of all benefits, privileges, terms and conditions of that relationship.

53. Defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of plaintiffs' rights.

54. As a result of defendants' discriminatory acts, plaintiffs have suffered the loss of past earnings, and have suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress and humiliation.

55. Plaintiffs have been damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## NEW YORK STATE HUMAN RIGHTS LAW

56. Plaintiffs allege and reallege the paragraphs above.

57. At all times material herein, defendants were plaintiffs' employers within the meaning of the New York State Human Rights Law.

58. Defendants discriminated against plaintiffs by denying them the same rights enjoyed by employees who are not of Middle Eastern descent with regard to compensation and the enjoyment of all benefits, privileges, terms and conditions of that relationship.

59. By determining employees' compensation, JERRY FLORY directly participated in, and aided and abetted, the unlawful discrimination against plaintiffs on the basis of their race and natural origin.

60. The defendants' conduct was intentional, deliberate, willful, and conducted in callous disregard of plaintiffs' rights.

61. As a result of defendants' discriminatory acts, plaintiffs have suffered the loss of past earnings, and have suffered other monetary damages and compensatory damages for, inter alia, mental anguish, emotional distress and humiliation.

62. Plaintiffs have been damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiffs allege and reallege the paragraphs above.

64. The defendants' malicious and wrongful conduct against the plaintiffs was extreme and outrageous, exceeding all possible bounds of decency.

65. The defendants' malicious and wrongful conduct caused plaintiffs emotional distress, mental anguish and humiliation.

66. By their malicious and wrongful conduct, the defendants intended to cause, or with wanton and reckless abandon did cause, the plaintiffs great emotional distress, mental anguish and humiliation.

67. As a result of the defendants' conduct, plaintiffs suffered anxiety, loss of sleep and other psychological injuries.

68. By reason of the foregoing, the plaintiffs are entitled to compensatory damages in an amount to be determined at trial.

69. Plaintiffs are also entitled to punitive damages in an amount to be determined at trial based on the defendants' extreme and outrageous conduct.

## SEVENTH CAUSE OF ACTION
## PRIMA FACIE TORT

70. Plaintiffs allege and reallege the paragraphs above.

71. The sole motivation for the defendants' malicious and wrongful acts against the plaintiffs was malevolence.

72. The defendants' malicious and wrongful were directed solely against the plaintiffs and intended to harm them.

73. There existed no legal or social justification for the defendants' malicious and wrongful acts against the plaintiffs.

74. The defendants' wrongful and malicious acts caused the plaintiffs to incur special damages.

75. By reason of the foregoing, the plaintiffs are entitled to compensatory damages in an amount to be determined at trial.

76. Plaintiffs are also entitled to punitive damages in an amount to be determined at trial based on the defendants' extreme and outrageous conduct.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully request that this Court enter judgment against the defendants:

(a) Declaring that the defendants have violated the overtime provisions of the FLSA and New York Labor Law;

(b) Declaring that the defendants have violated the Spread of Hours Wage Order of the New York Commission of Labor;

(c) Declaring that the defendants' violations of the FLSA and New York Labor Law were willful;

(d) Awarding plaintiffs damages for the amount of unpaid wages, including minimum wages, overtime premiums and spread of hours pay under the FLSA and the New York Labor Law;

(e) Awarding the plaintiffs liquidated damages owed pursuant to 29 U.S.C. §216(b) and New York Labor Law §198;

(f) Awarding plaintiffs back pay and compensatory damages for unlawful discrimination based on plaintiffs' fourth and fifth Causes of Action;

(g) Awarding plaintiffs' compensatory and punitive damages for plaintiffs' sixth and seventh Causes of Action;

(h) Awarding plaintiffs prejudgment interest;

(i) Awarding the plaintiffs expenses incurred in this action, including costs and attorneys' fees; and

(j) For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiffs hereby demand a trial by jury on all claims so triable.

Dated: New Windsor, New York
November 29, 2007

                              DRAKE, LOEB, HELLER, KENNEDY,
                              GOGERTY, GABA & RODD, PLLC

                            By: _____
                              ADAM L. RODD, ESQ. (AR 3484)
                              *Attorneys for Plaintiffs*
                              555 Hudson Valley Avenue
                              Suite 100
                              New Windsor, New York 12553
                              Tel. No.: (845) 561-0550

TO:    FLORY'S CORP.
        207 Wood Street
        Mahopac, New York 10541

        FLORY ENTERPRISES, INC.
        207 Wood Street
        Mahopac, New York 10541

        G.J.P. AUTOMOTIVE, INC.
        1423 Route 300
        Newburgh, New York 12550

        JERRY FLORY
        207 Wood Street
        Mahopac, New York 10541